IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Blair Camden, #1552, | ) C/A No. 8:14-4648-BHH-JDA |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Scotty Bodiford, GCDC Jail Administrator, | ) |
| Respondent. | ) |

Steven Blair Camden ("Petitioner"), proceeding pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges he is a pretrial detainee at the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Petitioner brings this habeas corpus action alleging he is wrongfully being detained in the GCDC. [Doc. 1-3 at 1.] He alleges the Greenville Police Department filed false reports and tampered with evidence, and the South Carolina Law Enforcement Division ("SLED") failed to investigate the officer involved in the shooting of Petitioner. [Doc. 1 at 6–7.] He also contends that, "Judge Denise Livingston improperly issued warrants, based on incomplete, false, and conflicting reports. . . ." [*Id* at 2.] Accordingly, he contends that his due process and equal protection rights under the Constitution have been violated. [*Id* at 7.] Petitioner alleges he is a pretrial detainee awaiting trial on criminal charges [Doc. 1 at 1], and he seeks release from imprisonment and for the Court to uphold his constitutional rights. [Doc. 1-3 at 1.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.

3

1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, Petitioner is involved in ongoing state criminal proceedings.  The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  This Court finds that Petitioner should have adequate opportunity to raise his federal constitutional rights in the state trial and post-trial proceedings, and he may contend in those proceedings that Judge Livingston improperly issued warrants and the evidence against him wrongfully was altered.  Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate.  Because Petitioner can pursue his claims in state court both during and after trial, he fails to show that he has no adequate remedy at law and will suffer irreparable injury.  *See Younger,* 401 U.S. at 43-44.  Petitioner is, therefore, precluded from federal habeas relief at this time, and his Petition should be dismissed.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review

prisoner cases to determine whether they are subject to summary dismissal).  **Petitioner's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

January 16, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).