UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Blair Camden, #1552<br>    Petitioner,<br>vs.<br>Scotty Bodiford, GCDC Jail Administrator,<br>    Respondent. | Civil Action No.: 4:14-cv-4648-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 13), which recommends that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. For the reasons set forth below, the Court agrees with the Report and dismisses the petition *without prejudice*.

## BACKGROUND

The petitioner, Steven Blair Camden, a pretrial detainee at the Greenville County Detention Center, who is proceeding *pro se* brought this action pursuant to 28 U.S.C. § 2241 alleging that he is being wrongfully detained. As set forth in greater detail in the report, the petitioner alleges misconduct on the part of the Greenville Police Department and claims that Judge Denise Livingston improperly issued warrants against him. The petitioner seeks to be released from custody and requests that the Court vindicate his constitutional rights.

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Jacquelyn D. Austin. On January 16, 2015, the Magistrate Judge issued a Report recommending that the § 2241 petition be

dismissed without prejudice and without requiring the respondent to file a return pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The petitioner filed an objection to the Report (ECF No. 18) on February 2, 2015.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*  On December 3, 2014, the petitioner filed an objection in this case, and thus the Court has conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status.  This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

After conducting a *de novo* review, the Court finds that the petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.  The Magistrate Judge recommended dismissal under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), pursuant to which, federal courts typically abstain from interfering with ongoing state criminal proceedings.  As Judge Austin explained, the Fourth Circuit has crafted a three-part test that this Court applies to determine whether to abstain.  Under this test, a court should abstain where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal

claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).  The Court agrees with the Magistrate Judge that these conditions are satisfied and abstention is appropriate.

In his objection, the petitioner argues that the third element of the test described above is not satisfied because the state has not responded to his requests for a preliminary hearing and a speedy trial.  The delay alleged by the petitioner does not constitute the type of extraordinary circumstances that are required to justify federal intervention, and the petitioner has not directed the Court to any authority that authorizes the relief he seeks under the circumstances of this case.  The petitioner's objections are therefore overruled, and the Court adopts the Report in its entirety.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit.  Accordingly, the Court adopts the Report and incorporates it herein.  It is therefore ORDERED that the petitioner's § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 10, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.